Nash, C. J.
 

 The question presented for our consideration on this record, arises under the 19th sec. of the 35th ch. of the Revised Statutes. It is as follows : “Every person on trial for his life, may make a peremptory challenge of thirty-five jurors,” &e. Was the defendant on trial for his life ? Unquestionably he was. Simple larceny, where the thing stolen is of the value of twelve-pence sterling, is a felony punishable with death by the common law; and but for the Statutes for the amelioration of the law, granting the benefit of clergy, might be still so visited. The stealing, to the value of twelve-pence, is a capital felony. 4th Bl. Com. 288. But the prisoner will not suffer death for the first offence. He is entitled to the benefit of his clergy. The verdict of the jury, when they convict, is that the prisoner is guilty of the felonious stealing. In order to
 
 *290
 
 avoid the extreme penalty of the law, he must, in answer to the question asked him by the clerk, “what he has to say why sentence of
 
 death
 
 should not be pronounced upon him,” pray the benefit of his clergy, which is immediately granted him. In contemplation of law, by a conviction of a clergyable felony, the prisoner’s life is forfeited. See State v. Carroll, 5th Ire. 259. The prisoner in this case was indicted for grand larceny, and was, under the act of Assembly, entitled to his full, peremptory challenge of thirty-five jurors. And the denial of this right was error in the presiding Judge, entitling the prisoner to a
 
 venire de novo.
 

 This opinion will be certified.
 

 Judgment reversed.